IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

SWAN VIEW COALITION and FRIENDS OF THE WILD SWAN,

Plaintiffs,

vs.

TOM SCHULTZ, Chief of the U.S. Forest Service; ANTHONY BOTELLO, Forest Supervisor of the Flathead National Forest; and U.S. FOREST SERVICE,

Defendants.

CV 26-81-M-KLD

ORDER

The Complaint having been filed in this case, and pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and D. Mont. L.R. Civ. 16.1, 16.2, & 26.1,

**IT IS ORDERED:**

**1. Preliminary Pretrial Statement.** The parties are not required to file a preliminary pretrial statement.

**2. Rule 26(f) Conference and Case Management Plan**. The parties shall file a joint proposed case management plan on or before **November 2, 2026.** The parties shall also e-mail a copy of the proposed case management plan in Word format to kld_propord@mtd.uscourts.gov. Lead trial counsel for the respective parties shall, at least two weeks before the Case Management Plan is due, meet to

discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to develop the proposed case management plan. The case management plan resulting from the Rule 26(f) conference is not subject to revision absent compelling reasons.

**3. Contents of Case Management Plan**. The proposed case management plan shall contain deadlines for the following pretrial motions[1] and events or shall state that such deadlines are not necessary:

Motions to Dismiss
Certification of Administrative Record
Motions to Supplement the Administrative Record
Motions to Amend the Pleadings
Completion of Discovery
Motions for Summary Judgment
Additional Deadlines Agreed to by the Parties

A party seeking to amend the pleadings after the date specified above must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4). Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

[1] All motions deadlines in this order refer to the date by which a motion is filed with the Court. Response and Reply briefs shall be filed in compliance with the timeframes established in Local Rule 7.l(d)(l)(B), unless otherwise noted or ordered.

**4. Representation at Rule 26(f) Conference**. Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

**5. Stipulation to Foundation and Authenticity**. Pursuant to Rule 16(c)(3), the parties shall either:

a) enter into the following stipulation:

> The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery. However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objection to producing counsel in writing within a reasonable time after receiving the document. A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery. If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery. All other objections are reserved.

or

b) state why a stipulation to authenticity and foundation is not appropriate for the case.

**6. Administrative Record:** If an administrative record is involved, it must be filed in an indexed and searchable electronic format. The government shall provide Plaintiffs with the administrative record on or before the administrative record filing deadline set out in ¶ 4, *supra*. The government must also file with the

Court a single hard copy of the following documents (along with any attachments or appendices), to the extent any such documents are at issue in the case:

Final Environmental Impact Statement/Environmental Assessment
Supplemental Environmental Impact Statement/Environmental Assessment
Record of Decision or Decision Notice
Forest Plan or other programmatic planning document
Biological Assessment
Biological Opinion
Finding of No Significant Impact
Final Listing/Delisting Rule

**7. Hyperlinked Briefs.** In addition to filing all summary judgment briefs/responses/replies on the electronic docket, the parties are required to contemporaneously submit a flash drive containing a digital version of the brief (Word or PDF) with hyperlinks to the record citations.

**8. Citations to the Record**. If administrative records have been submitted by more than one agency, parties should consistently cite the same record when possible. If the same document appears in the record for more than one agency, parties should provide the citation to the record that predominates or to which they have most often cited. In cases involving consultation under the Endangered Species Act, if the same documents are found in administrative records filed by an action agency and a consulting agency, parties should default to citing the action agency's record.

**9. Briefing on Remedy.** Parties should note that, absent extraordinary circumstances, the Court will not grant leave to file separate briefs on the issue of

remedy on summary judgment. Accordingly, parties should include any argument on the issue of remedy in their summary judgment briefs.

DATED this 3rd day of September, 2026.

Kathleen L. DeSoto
United States Magistrate Judge